

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,851-02

### EX PARTE SIMON BAZILLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1261252-B IN THE 180TH DISTRICT COURT FROM HARRIS COUNTY

**YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.**

### <u>CONCURRING OPINION</u>

Applicant was convicted in 2011 of aggravated robbery with a deadly weapon and sentenced to thirty years' imprisonment. The First Court of Appeals affirmed his conviction in 2014. *Bazille v. State*, No. 01-11-00647-CR (Tex. App.—Houston [1st Dist.] Feb. 20, 2014) (mem. op., not designated for publication). Ten years later, in 2021, Applicant filed an application for writ of habeas corpus in the county of conviction alleging his trial counsel was ineffective. TEX. CODE CRIM. PROC. art. 11.07.

Today, the Court remands this application to the trial court to further develop the record. I agree this application should be remanded, and so I join the Court's order doing so. But I write separately, as I have previously, to address my thoughts concerning the doctrine of laches and its possible application to this case. *See e.g., Ex parte Sepeda*, No.

WR-92,711-01, 2021 WL 2450089 (Tex. Crim. App. June 16, 2021) (per curiam) (not designated for publication) (Yeary, J., concurring) (highlighting the Court's opinion in *Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014), which both: (1) held that a trial court has the authority to *sua sponte* consider the doctrine of laches, and (2) expounded on the principles that justify *sua sponte* consideration of that doctrine).

The doctrine of laches ought to be considered in a case like this one.[1] Applicant's trial occurred in 2011, but this writ application was not filed until over ten years later. In addition, the record is silent regarding circumstances that may excuse Applicant's delay.

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. *Ex parte Smith*, 444 S.W.3d at 667. It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

FILED:                  January 12, 2022
PUBLISH

---

[1] *See Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (explaining that, "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final."). The Court in *Perez* also cited *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting), in which Judge Cochran had previously advocated for the adoption of a "rebuttable presumption of prejudice" to the State for applications filed more than five years after conviction, in light of the social and administrative costs associated with retrial.